IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DESALIS,<br>   Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS and<br>JOHN/JANE DOE 1-5,<br>   Defendants. | :<br>:<br>:<br>: | NO. 12-611 |

## MEMORANDUM OPINION

**RUFE, J.**                                           **JUNE 6, 2013**

   Plaintiff Anthony Desalis, an inmate at the State Correctional Institution at Chester ("SCI Chester"), brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"),[1] against Defendant the Pennsylvania Department of Corrections ("DOC") and five John/Jane Doe Defendants.  Before the Court is the DOC's Motion to Dismiss the claim against it.  For the reasons that follow, the Motion will be granted.

### I. BACKGROUND[2]

   Upon admission to SCI Chester in late 2011, Plaintiff was examined by prison medical staff and determined to require a lower bunk sleeping placement due to a sleep-walking disorder.  However, Plaintiff alleges that he was assigned to a cell with a disabled inmate who, like Plaintiff, has a restricted lower bunk status.  Plaintiff avers that despite complaints to corrections officers, he was nonetheless required to sleep on the top bunk.  One night, Plaintiff fell from the top bunk during a sleep-walking episode, and sustained serious injuries to his spinal column, shoulder, and ribs.

---

[1] 42 U.S.C. §§ 12101-12300.

[2] The facts alleged in the Second Amended Complaint (Doc. No. 11) are accepted as true, and all reasonable inferences are drawn in favor of Plaintiff.  ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

Defendant initially filed a Complaint against the DOC, but before a responsive pleading was filed, Plaintiff amended the Complaint, naming only SCI Chester Superintendent John Thomas in his individual capacity as a defendant.  Superintendent Thomas filed a motion to dismiss the amended complaint, which the Court granted, dismissing the Amended Complaint without prejudice and giving Plaintiff 21 days to file a second amended complaint.  The Second Amended Complaint asserts a § 1983 claim against John/Jane Does 1-5 in Count I and an ADA claim against the DOC in Count II.

The DOC moves to dismiss the ADA claim, arguing that Plaintiff has failed to state a claim under the ADA, and in the alternative, that the claim should be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").[3]

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[4]  In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[5]  Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[6]  Something more than a mere *possibility* of a claim must be alleged;

---

[3] 42 U.S.C. § 1997e.

[4] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[5] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[6] Twombly, 550 U.S. at 555, 564.

rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[7] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[8] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[9]

### III. DISCUSSION

Title II of the ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[10] "Title II of the ADA applies to state prisons."[11] To state a claim for "a violation of Title II of the ADA, an inmate must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability."[12] An inmate's failure to allege facts showing that the exclusion or denial of benefits was "by reason of his disability" warrants dismissal upon a defendant's Rule 12(b)(6) motion.[13]

---

[7] Id. at 570.

[8] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[9] Id. (quoting McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[10] 42 U.S.C. § 12132.

[11] Brown v. Pa. Dep't of Corrs., 290 F. App'x 463, 467 (3d Cir. 2008) (citing Pa. Dep't of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998)).

[12] Pierce v. Pitkins, No. 12-4083, 2013 WL 1397800, at *2 (3d Cir. Apr. 8, 2013) (citing 42 U.S.C. § 12132).

[13] See, e.g., id.; Brown v. Deparlos, 492 F. App'x 211, 215 (3d Cir. 2012).

3

Here, Plaintiff does not allege facts which support an inference that he was denied a lower bunk placement because of his disability. In fact, his averments suggest that he was denied lower bunk placement because the cell to which he was assigned already had a disabled inmate occupying the lower bunk. The inference that follows from these averments is that the denial was a matter of logistics rather than a discriminatory act. While Plaintiff's placement in an upper bunk may support a § 1983 claim, his claim is not encompassed within the ADA's prohibitions.

Since the Court finds that Count II fails to state a claim, it need not reach the DOC's PLRA exhaustion argument. However, the Court notes that Plaintiff has failed to allege that he made any attempt to exhaust his administrative remedies. Nevertheless, the Court declines to reach the merits of this argument given the lack of a developed record before it and because it is not dispositive given the Court's holding.[14]

### IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss will be granted and the ADA claim contained in Count II will be dismissed with prejudice as this is Plaintiff's third counseled attempt to state a claim.

An appropriate Order follows.

---

[14] See generally Brown v. Croak, 312 F.3d 109, 111-12 (3d Cir. 2002); Rice v. Reynolds, No. 05-6075, 2009 WL 839133 (E.D. Pa. Mar. 27, 2009).